UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Quintin M. Littlejohn**, | ) | **C/A No. 7:06-1012-RBH-WMC** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| **David Edwards Toyota**; | ) | |
| **Mark Edwards**; and | ) | |
| **All Agents in Active Concert**, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# *Background of this Case*

The *pro se* plaintiff is under an order of pre-filing review. *See* <u>Graham v. Riddle</u>, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977).[1]  The plaintiff was confined in the South Carolina Department of Corrections until May of 2003. The plaintiff is now a resident of Gaffney, South Carolina.

---

[1]The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in <u>Quintin Littlejohn v. William J. Clinton, President of the United States</u>, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the plaintiff's pleadings for docket control purposes.

Dockets.Justia.com

The plaintiff has brought suit against an automobile dealership located in Spartanburg, an employee of that auto dealership, and persons whom the plaintiff describes as "All Agents in Active Concert." The plaintiff alleges that the defendants have acted with "bad faith" and fraud with respect to a warranty on an automobile that the plaintiff purchased. The plaintiff writes: "Defendants show 'Bad Faith' in and Fraud w/ their 'Bumper to Bumper' Coverage Plan in that it does not cover my 2001 Camry Bumper to Bumper or the warranty claims."

A search of records from the South Carolina Secretary of State Office (available on the LEXIS® service) indicates that "David Edwards Toyota" is a domestic corporation actually known as Dave Edwards Toyota:

SOUTH CAROLINA SECRETARY OF STATE
THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY

CERTIFICATION CAN ONLY BE OBTAINED THROUGH
THE ISSUING GOVERNMENT AGENCY

SOUTH CAROLINA SECRETARY OF STATE

Company Name:  DAVE EDWARDS TOYOTA,  INC.
Name Comment: DUNS NO. 036265437
Type: DOMESTIC CORPORATION (PROFIT)
Status: GOOD STANDING
Filing Date: 5/28/1965
Date of Incorporation/Qualification: 5/28/1965
State or Country of Incorporation: SOUTH CAROLINA

Registered Agent: DAVE EDWARDS
Registered Office:
      2450 REIDVILLE RD
      SPARTANBURG, SC 29301

(South Carolina Secretary of State Office Database, quotation downloaded from LEXIS® on March 31, 2006).

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983);

and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district

court's authority to conduct an initial screening of a *pro se* filing).[2]  This court

is required to construe *pro se* complaints and petitions liberally.  *Pro se*

complaints and petitions are held to a less stringent standard than those

drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert.*

*denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court

is charged with liberally construing a complaint or petition filed by a *pro se*

litigant to allow the development of a potentially meritorious case.  *See*

Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v.

Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se*

complaint or petition, the plaintiff's or petitioner's allegations are assumed

to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even

under this less stringent standard, the complaint is subject to summary

dismissal.  The requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth

a claim currently cognizable in a federal district court.  Weller v. Department

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, supra, 147 F.3d at 352.  *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

5

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The defendants are subject to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999). *See also* Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the

'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state

is responsible for private action only when it has exercised "coercive power"
or has provided "significant encouragement" in the implementation of the
action. It is also well settled that "a private person does not act under color
of state law simply because he invokes state authority." Brummett v.
Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, Campbell v.
Brummett, 504 U.S. 965 (1992).[3] *See also* Auster Oil & Gas Co., Inc. v.
Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v.
Sullivan, supra, 526 U.S. at 50-52 (held: private insurer did not act under
color of state law, for purposes of 42 U.S.C. § 1983, when it terminated
payment of workers compensation benefits pending review); and *cf.*
Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 2000
U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in Sullivan to suit
alleging action under color of federal law: termination of LHWCA
[Longshoremen and Harbor Workers' Compensation Act] benefits by
insurance company did not involve "federal government" action). Hence,
the offering of a so-called "bumper to bumper" warranty on a used car and

---

[3]In this citation, there are variant spellings of the party known as Camble or
Campbell.

the failure to cover certain items on a warranty do not constitute action under color of state law.

Any claims arising under South Carolina law would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied.  Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791, 1992 U.S.Dist. LEXIS® 21007 (D.S.C. 1992), *affirmed*, Cianbro Corporation v. Jeffcoat and Martin, 1993 U.S.App. LEXIS® 30,080 (4th Cir., November 22, 1993), 10 F.3d 806 [Table].  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

> (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).

The diversity statute[4] provides that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business:

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and

(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S.C. § 1332(c).  Dave Edwards Toyota is a citizen of South Carolina because it is incorporated in South Carolina.  28 U.S.C. § 1332(c).

---

[4]New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted.  Those new provisions are not applicable in the case *sub judice*.

Complete diversity of parties is absent in this case because the plaintiff and at least two (2) of the defendants are citizens of South Carolina. *See* 28 U.S.C. 1332; and <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806). The plaintiff, the automobile dealership ("Dave Edwards Toyota"), and Mark Edwards are citizens of South Carolina. As result, complete diversity of parties is absent. *See* 28 U.S.C. 1332; and <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806). Hence, this federal court lacks subject matter jurisdiction over the above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

The plaintiff still has an available judicial remedy. The plaintiff can file suit against the defendants in a Court of Common Pleas (such as the Court of Common Pleas for Spartanburg County), which would have jurisdiction over an action arising under South Carolina law filed by a South Carolina citizen against another citizen of South Carolina or a corporation that is incorporated in South Carolina. *See* <u>Taylor v. Nix</u>, 307 S.C. 551, 416 S.E.2d 619, 1992 S.C. LEXIS® 93 (1992); <u>Player v. Chandler</u>, 299 S.C. 101, 382 S.E.2d 891, 893 (1989); <u>Edens v. Laurel Hill, Inc.</u>, 271 S.C. 360,

247 S.E.2d 434, 435-436 (1978); Hughes v. Edwards, 265 S.C. 529, 220

S.E.2d 231, 234 (1975); and Stein v. Xepapas, 204 S.C. 239, 246, 29

S.E.2d 257, 259 (1944).   For the plaintiff's future reference, the mailing

address of the Clerk of Court for Spartanburg County (*i.e.,* the Clerk of the

Court of Common Pleas for Spartanburg County) is:

**Marcus Kitchens, Clerk of Court for Spartanburg County**
**Post Office Box 3483**
**Spartanburg, South Carolina 29304**

(2005-2006 South Carolina Lawyers Desk Book [published by the South

Carolina Bar], at page 559).

No relief is expressly requested by the plaintiff in the complaint. In other

words, the plaintiff has not disclosed what relief (if any) he is requesting.

When a plaintiff has failed to ask for relief, a federal district court "is faced

with the prospect of rendering an advisory opinion; federal courts may not

render advisory opinions, however."     Humphreys v. Renner, 1996

WESTLAW® 88804 (N.D.Cal., February 26, 1996), *following* FCC v. Pacifica

Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been

empowered to issue advisory opinions.").   *See also* Public Service Co. v.

United States Environmental Protection Agency, 225 F.3d 1144, 1148 n. 4,

2000 U.S.App. LEXIS® 22180 (10th Cir. 2000)(company's failure to ask for

relief constitutes a request for an advisory opinion, which is barred by Article

III). *Cf.* <u>Herb v. Pitcairn</u>, 324 U.S. 117, 126 (1945)("We are not permitted to

render an advisory opinion[.]");[5] <u>Neitzke v. Williams</u>, <u>supra</u>, 490 U.S. at 322-

330 (*held*: although district courts should not blur the distinction between the

standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim

upon which relief can be granted and a dismissal under 28 U.S.C. § 1915

because a claim is frivolous, a patently insubstantial complaint, petition, or

pleading may be dismissed); and <u>United States v. Burlington Northern

Railroad Co.</u>, 200 F.3d 679, 699, 1999 U.S.App. LEXIS® 33143 (10th Cir.

1999)(refusing to respond to party's "request for guidance in future cases"

because the request was "tantamount to a request for an advisory opinion").

# *Recommendation*

Accordingly, it is recommended that the District Court summarily

dismiss the above-captioned case *without prejudice* and without issuance

and service of process. *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v.

---

[2]Other portions of the decision in <u>Herb v. Pitcairn</u> have been superannuated by later case law. *See* <u>Michigan v. Long</u>, 463 U.S. 1032 (1983).

Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" § 1915(d)].  *See also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").  The plaintiff's attention is directed to the Notice on the next page.


April 3, 2006                                    s/William M. Catoe
Greenville, South Carolina                United States Magistrate Judge

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
<u>The **Serious Consequences** of a Failure to Do So</u>

The plaintiff is, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**